UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                      Case No. 90-80540

v.

LEONARD CHEEKS,                      Hon. John Corbett O'Meara

    Defendant.

_____/

**ORDER DENYING MOTION FOR EXPUNGEMENT
OF RECORD OF CONVICTION**

        Before the court is Defendant's Motion for Expungement of Record of Conviction, filed October 31, 2005. The government submitted a response on December 13, 2005. The court will decide this matter on the papers submitted, without oral argument.

        In May 1990, Defendant, Leonard Cheeks, was indicted on two counts of theft of mail by a postal service employee, in violation of 18 U.S.C. § 1701. Mr. Cheeks pled guilty to Count One of the indictment on September 24, 1990. On November 30, 1990, Judge Horace Gilmore sentenced Mr. Cheeks to two years of probation.

        Mr. Cheeks now seeks to have the record of his conviction expunged, on the basis that more than fifteen years have passed and that during that time he has been "rehabilitated and has been an exemplary citizen." The government opposes Defendant's request because it contends that he has not "presented extraordinary circumstances which outweigh the government's legitimate interests in maintaining records for effective law enforcement purposes." Gov't Br. at 2.

        The Sixth Circuit has held that "it is within the inherent equitable powers of a federal

court to order the expungement of criminal records in an appropriate case." United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977).

> Nevertheless, this court has not yet posited a standard for determining which cases are "appropriate." Other circuits recognizing an equitable power to expunge have generally held that the decision to exercise such power hinges on a balancing of "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records. . ." Acknowledging the strength of the government's interest in this context, however, these circuits have held that the expungement power is narrow and appropriately used only in extreme circumstances.

United States v. Robinson, 1996 WL 107129 *1 (6th Cir. Mar. 8, 1996) (citations omitted). The Robinson court further noted that "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." Id. at *2. "Conversely, courts have uniformly denied expunction requests regarding valid convictions." Id. The Robinson court affirmed the denial of an expungement request despite the defendant's argument that she had not been convicted of any other crimes and that her conviction had prevented her from obtaining employment. See also United States v. Wiley, 89 F. Supp. 2d 909 (S.D. Ohio 1999) (economic hardship did not justify expungement request); Schwab v. Gallas, 724 F. Supp. 509 (N.D. Ohio 1989) (law-abiding life subsequent to felony did not justify expungement).

In this case, Defendant seeks expungement based upon his law-abiding life subsequent to his conviction. Although Defendant's rehabilitation is commendable, such reasons are insufficient to justify the court's use of its "narrow" expungement power, which is reserved for "extreme circumstances." The record contains no evidence that any "extreme circumstances" are

present to warrant the expungement of records regarding Defendant's valid conviction.

Therefore, IT IS HEREBY ORDERED that Defendant's October 31, 2005 Motion for Expungement of Record of Conviction is DENIED.


                         s/John Corbett O'Meara
                         John Corbett O'Meara
                         United States District Judge


Dated: January 24, 2006